And at this time, we'll hear Prousalis v. United States. Good morning. Good morning. Thank you. Matthew Greenfield for Thomas Prousalis, Jr., the appellant. Mr. Prousalis stands convicted of violating a rule that we now know never reached his conduct. But before I address that critical issue here, the Janus issue, I recognize that there are some important threshold issues raised by the district court's order, and it's two other alternative grounds for denying Mr. Prousalis' quorum nobis petition. First, the district court treats the Fourth Circuit's decision in Prousalis v. Moore as binding on the outcome of this case. Wasn't it the same issue? It was habeas. The same legal issue was presented, that's true, but it's well recognized that a denial of habeas does not have res judicata effect. Even the government conceives that in its brief. And under the Supreme Court's Sanders decision, a court must engage in an ends of justice test before it gives controlling weight to a prior denial of habeas corpus. And here, of course, we're on a totally separate action. It's a quorum nobis, totally new track. And the district court did not consider the ends of justice under Sanders, and that was legal error. The second threshold issue is the district court's holding that even if Janus applied, and even if the district court was not bound by the Fourth Circuit, it would still deny the petition because the district court believes that Mr. Prousalis aided and abetted a Rule 10b-5 violation. Doesn't that go to the issue of whether we're looking at a crying injustice here? That actually is not grounded anywhere in the record, so it doesn't even affect the question Your Honor is presenting. It's true that a quorum nobis writ is an extraordinary remedy, but aiding and abetting... We have to show that there's some terrible injustice here, and if, in fact, he committed a crime so closely analogous as to simply be aiding and abetting, why should I sob on my pillow about this? The answer here is simple. He did not commit and was not convicted of aiding and abetting. As this court said in Lange, and the district court even quoted this court's recent Lange opinion, that aiding and abetting has its own separate elements under 18 U.S.C. section 2. For example, there must be someone else who committed the underlying offense. That would be the principal maker, and we'll assume for purposes of argument that that would be defined as provided for in Janus. That's not... I'm not reaching that as a conclusion, but just for argument. And now someone aids and abets that maker. If that were true, it may be a reasonable way to rescue the conviction. In this case, the government's theory was that Mr. Prusalis had actually duped the company, had duped the officers and directors. The district court picked up on that theory, and that's why the aiding and abetting statute is not mentioned in the judgment, which controls. It's why Mr. Prusalis' plea allocution does not mention aiding and abetting. And, in fact, Mr. Prusalis did not allocute to those elements of aiding and abetting. As Judge Jacobs pointed out to you, we are on quorum nobis review, and we look at the totality of the circumstances here, and I'm trying to figure out why the facts, as established... I mean, he prepared an SEC registration statement, he falsely stated that his legal fee was fixed at $375,000, made a false statement about the underwriting. Your argument is that he's not guilty for what reason? The argument is that he's not guilty of the crime of which he was convicted, namely a violation of Rule 10b-5 and a conspiracy to violate Rule 10b-5. He was charged under Section 2, wasn't he? Yeah. He was charged expressly in Counts 2 and 3 under Section 2, as an aider and abetter. It's true that the indictment cites Section 2. It's mentioned nowhere else in the record, and so that cannot be the ground for the conviction. He did not allocute to it, because if the facts of his allocution do not sustain the ground of the conviction, then that is a fundamental flaw in his conviction. The judgment lists the sections of the United States Code giving rise to the conviction, and it lists multiple sections for certain counts, but it does not list Section 2, and that makes sense because he did not plead and he did not allocute to Section 2. What he pled to was being the maker of an untrue statement of material fact, and we know after Janus, which was decided seven years after the plea, that in fact he was not legally capable of making such a statement. He was an attorney advising on the IPO. And so under Janus, the facts of his allocution and the crimes of which he stands convicted do not align, and the government can't come into this court now and point to other potential theories under which he might have been convicted. What's really instructive here is a case from this court that I confess is not cited in the pro se brief, United States v. Travers, and I'll give you the citation. It's 514 F. 2nd 1171, in which Judge Friendly held that the district court's denial of a quorum nobis petition must be reversed because the defendant had been convicted of mail fraud, served a prison sentence, and then the Supreme Court changed the interpretation of the mailing requirement of the mail fraud statute. Now, Judge Friendly said that everybody agreed that the defendant in that case, the petitioner in Travers, had still committed the fraud. Nobody disputed that. And he had still even been involved in mailings in connection with the fraud. But because of the subsequent Supreme Court interpretation of the mail fraud statute, the facts of his conviction no longer aligned with the elements and the requirement in that case of the particular nexus between the mailing and the fraud. And for that reason, what Judge Friendly wrote, he wrote about the simple and universal rule that a judgment in a criminal case in which the record discloses no proof of elements of the crime charged is the worst type of fundamental unfairness required. I understand you. Your client admitted, right, that he prepared an SEC registration statement for Busy Box? Yes. Okay. Under Janus, if I understand your argument, he cannot be the maker of that statement. Busy Box has to be the maker of that statement even though he prepared it, right? That's your Janus argument? Yes. Okay. But he did prepare it, and so he is the aider and abetter of the statement that Busy Box is the maker of. That might not qualify for civil liability, but I'm not sure... I'm simply perplexed as to why you don't think the record amply establishes that he is an aider and abetter if not a maker. Well, Judge Radji, I want to be clear. There may be provisions that Mr. Prusalis actually did violate... He was the maker under Janus, right? Yes. Okay. And your client prepared the statement for Busy Box knowing it was false. I agree. That is what he allocated to. What he did not allocate to is the requirement, and this is from Lange, and the district court here quotes this... He didn't allocate to what? That the defendant aided and abetted... Sorry, that the government must establish that the underlying crime was committed by someone other than the defendant. Busy Box submitted the false statement. But that is not committing the underlying crime, and the district court here... Of what? Of the 10b-5 crime? Exactly, Your Honor. How is it not a violation by Busy Box? Because a violation of the crime would require, under Section 32 of the Exchange Act, would require willfulness. Busy Box, according to the district court's interpretation of the government's theory, was duped by Mr. Prusalis into submitting what were false statements in a prospectus. The district court said in the sentencing, and this is in the second volume of the appendix, at page 196, the company was as much victimized as the investors. That was the government's theory. That was the theory on which the district court convicted and sentenced Mr. Prusalis. And that is incompatible with aiding and abetting theory, which is why it's not picked up in the judgment. That is a fundamental flaw in Mr. Prusalis's conviction under Section 10b-5, which we now know did not reach his conduct. I've reserved a couple of minutes for rebuttal if there aren't further questions. I'll address them then. Thank you. Good morning. May it please the Court, my name is Stephanie Lake. I'm an assistant United States attorney in the Southern District of New York, and I represent the government on this appeal. The only question the Court need to consider today is whether the district court abused its discretion in denying Prusalis's petition for a writ of error quorum nobis as an impermissible attempt to, in effect, appeal a prior decision of the Fourth Circuit. The district court did not abuse its discretion in reaching this conclusion. Prusalis has already had an opportunity to litigate this very same legal claim before both the Eastern District of Virginia and the Fourth Circuit. Both courts ruled against him on the merits holding that Janus did not apply to his criminal conviction for securities fraud. Quorum nobis simply is not a mechanism through which to appeal a decision of another circuit court. What do you say to his argument that he cannot be guilty as an aider and a better because the evidence, the facts established in his guilty plea proceeding don't show that there was a principal violator to whom he could have aided and abetted because the principal was duped by him? What do you say in answer to that? Your Honor, I believe that's an incorrect understanding of the way that aiding and abetting liability operates. Under 18 U.S.C. section 2B, one can be guilty of aiding and abetting if one causes another individual to do something that if the secondary actor did himself or another person did, would be criminal. And there's ample authority for the proposition that it is, in fact, not necessary for the primary actor to have knowledge that he's committing the crime. You're saying that section 2 is broader than aiding and abetting because it also includes counsels, procurers, several other things that don't, like aiding and abetting, require a principal violator who you have aided. It requires causing another person to act, but it does not require causing that other person to act with knowledge that that person is acting in violation of the law. So I believe... It requires another person to... It requires the commission of a crime. Yes, Your Honor. It doesn't have to be the knowing. Exactly. It doesn't require the mental state. So an example might be if somebody slips drugs into the purse of an unknowing third party who then gets on an airplane from the Dominican Republic and comes to the United States. The person who unknowingly brought those drugs into the United States is not themselves guilty of a crime, but the person who put the drugs in that second actor's luggage is guilty of a crime. But what is that crime? Is that aiding and abetting? That's the person who caused those drugs to travel on the airplane. It is. And no one else did. That's correct. It's under the second part. It's under 18 U.S.C. Section 2B, which is causing another person... How does this hold up if the theory of the government's case originally is that the company was the victim? I mean, how do you aid and abet a victim to victimize itself? At a certain point, it gets really tendentious. So perhaps another helpful example to draw on would be a government employee who is duped by a third party, who would be the defendant in this example, into committing some act that violates the laws in a way that only a government employee can violate the law. The person who caused the government employee to act in that way, even though the government employee didn't realize that they were, say, passing on an application that had misstatements in it, the person who caused the government employee to act can still be liable under Section 2B. But is that hypothetical government employee a victim of the crime? Yes, in effect, just as... Is the person a victim? I mean... Well, in this... When you say, yes, in effect, I think you're conceding, you know, not in fact. I don't know that it's necessary to draw a distinction between a victim and somebody who was used as a conduit to commit the crime for purposes of analyzing liability under Section 2B. In this context, the victim is the market, which does not have the accurate information. But I understood you were using the term victim with respect to the company in that it was made the actor in all of this unwittingly. Precisely. But let me ask you, what case would we look at to say that 2B does not require the actor, the principal actor, to have acted with knowledge? I believe that the Fourth Circuit's decision and Prusalis makes that point. So we... And that decision goes on to quote United States v. Richardson. And I believe that the point is also made, although less directly, in United States v. Jordan, which is a Second Circuit case. And this is on page 16 of the government's brief. Thank you. Now... Although I think the question of how Section 2B operates and how it is possible to cause an innocent intermediary to commit a crime and still be liable for that crime is an interesting question. Fundamentally, the question here for the Court is whether Judge Cote abused her discretion in declining to entertain a re-argument of issues that the appellant already had a full and fair opportunity to litigate in a different jurisdiction. But what do you say to your adversary's argument that the decision of the legal issue in the habeas corpus context does not have race judicata effect? It may be true that race judicata doesn't apply in the same mechanical way in this context, that it might apply in a different... But if it applies, it's always mechanical. Well, I believe that United States v. Sanders sets out that even if race judicata does not apply, there's no principle of law that would require a district court to waste its judicial resources and reconsider an issue that has already been litigated and adversely decided. Here, there's no intervening change in the law between the Fourth Circuit's decision against Mr. Prusalis and his attempt to essentially appeal, or what he calls get a redetermination of that decision, in the Southern District of New York. And moreover, I think the test for quorum nobis supports the district court's conclusion. There were not circumstances compelling action to achieve justice because Prusalis was already able to raise these arguments, because he was already able to say, I think the law has changed, and then I am no longer guilty because of that change in the law. He raised that argument. His petition was denied. And there's simply no legal basis on which to conclude that the district court abused its discretion in saying you already had your opportunity to litigate this. Quorum nobis is an extraordinary remedy. It very rarely applies, and certainly under the facts of this case. But what I understand the argument to be is that quorum nobis is an extremely unusual and rare remedy, and it might only apply in narrow circumstances in which the person was convicted of a crime that doesn't exist. I believe quorum nobis is a very rare remedy that would apply where there... I mean, this doesn't happen all the time. Well, as an initial matter, no court has actually applied Janus to a criminal case. So I think that's a threshold question. Has the law actually changed as it applies to this criminal conviction? And I would submit that the answer to that is no, it hasn't changed. Janus is a civil case. And in addition, here the ends of justice simply do not require a redetermination of a prior decision of a sister circuit. If the court has no further questions, the government rests on its brief. Thank you. Two quick points on rebuttal. First, as to aiding and abetting, I'm not aware of any case since Lange. Lange was the last time that this court spoke about aiding and abetting. And it was in 2016, and the court said that the government must prove that someone other than the defendant committed the underlying crime. Now... In the aiding and abetting provision of Section 2, the government argues that your client willfully caused an act to be done by another under Subsupport B, which does not have that principal requirement. If that's right, Your Honor, there's nothing other than aiding and abetting that the district court mentioned. The subsection 2... I'm sorry, 18 U.S.C. Section 2 in the indictment appears to be... Well, because we usually use aiding and abetting in referring to Section 2, but it is, in fact, in two parts. Yes. So... Again, we're on quorum nobis, and the question is whether your client... I mean, you're arguing your client isn't guilty of anything. And the government is now arguing he's certainly guilty under Section 2B. So what's your response to that? I think the resolution here... And I don't want to say my argument is that my client isn't guilty of anything. My client is not guilty of the crimes of his conviction, and a resolution may be seen in Section 20 of the Exchange Act. The government had the puppeteering provision of the Exchange Act to charge my client with at the time, if it believed... Why isn't he guilty under 2B? Because it's our position that the Section 2 charge in the indictment was a reference to aiding and abetting, and that that requires that someone else... Section 2. I'm sorry? That's Section 2 at the end of the indictment. Yes. So Section 2B still requires him to cause another to do that which he could not do on his own. And in this case... He can do it in various ways. He can aid and abet someone else doing it, but here it's that he gets... It's he procures someone else doing it. He gives the false information to the company, which, according to what everyone is telling us, unwittingly submitted it to the SEC. If that were enough, and again... Your client knew that it was false. Right. If that were enough to convict him, it still didn't make its way into the judgment, which controls. The judgment tells us what were the statutes of Mr. Prusalis' conviction. You know that there's case law that Section 2 does not have to be... It doesn't have to be specifically cited in the indictment, and I don't think you have any case law that says it has to be specifically cited in the judgment. Every crime can be committed either in the direct manner or pursuant to Section 2. Well, I'll just say, even if that's right, even if the Court is convinced that Mr. Prusalis could have been guilty under Section 2B, and even if that's what the indictment meant... He said in his allocution... He said in his allocution things that would satisfy 2B. Well, the district court here, on the Coram nobis petition, relied on aiding and abetting and not on Section 2B, and in fact, it cited Lange for that reason. ...ground supported by the record. I'm sorry? We can affirm on any ground supported by the record. The Court can, but the district court's reason for denying the Coram nobis application here was aiding and abetting, and there's something fundamentally flawed about that, which we believe was the theory of Section 2, was not in the judgment, but again, even if this Court is going to step through the indictment, which only mentioned Section 2 and didn't articulate any other theory of aiding and abetting, even if it's going to overlook the allocution, which didn't get into Section 2 at all, and the judgment, it should not also overlook the district court's decision on Coram nobis. Isn't there... I mean, all of these arguments are actually quite interesting, but aren't they all short-circuited by the fact that Janus arguably does not apply in the criminal context, as your adversary argued, because it's really based upon the evident reluctance of the Supreme Court to expand the scope of a private right of action created by courts? Not at all, Your Honor. The Janus opinion is a plain language interpretation of the word make in Rule 10b-5. The Court opens by citing dictionaries and rules of grammar, and then articulates its holding without reference to the private right of action, and then it goes on to say this holding also comports with our hesitation with respect to an implied private right of action. And even if this Court disagreed that that was an unambiguous interpretation, and footnote 8 in Janus actually refers to make as not ambiguous, but even if the Court disagrees, it still has to borrow the interpretation from Janus under the textual identity principle and the lowest common denominator principle, and even if not for those, under the rule of lenity. And so Janus must mean in this case, and this is also why the government no longer brings 10b-5 actions in SEC civil enforcement proceedings, even though that also would not be controlled by Janus. The government essentially challenged you to adduce any controlling authority that extended Janus to criminal cases, and I take it you did not take up that challenge. The controlling case is Janus itself. I freely admit there's no court, the only other court that has considered this question on the appellate level is the Fourth Circuit in Prusalis v. Moore. Our contention is that Prusalis v. Moore is wrongly decided on its face. That court does not grapple with the unambiguous meaning of make. It does not grapple with the textual identity principle or the rule of lenity. And what the government asks this Court to do... That's the issue of why you should be given a second bite. You argued that. You lost it in the Fourth Circuit. What makes it appropriate for you to be able to, you know, try it out on another circuit? To be clear, this is Mr. Prusalis' first opportunity to present this issue to this Court because he was required to file his habeas petition in the Northern District, and this is his first chance to file a quorum nobis petition. The reason that the Fourth Circuit decision... Quorum nobis is an extraordinary remedy. I wouldn't think it applies when you've already had your chance to argue the very same thing in front of another circuit. Well, the ends-of-justice test... The review channel would be the Supreme Court, not another circuit court. In order to simply rely on the Fourth Circuit's decision as controlling, there would have to be an ends-of-justice test, and that test would fall immediately to the Fourth Circuit's completely wrong interpretation of Janus. And so because of that under Sanders, which the Court, by the way, I want to point out... That does invite us to critique the Fourth Circuit opinion... Of course it does. ...on exactly the same subject... Of course it does. ...with respect to exactly the same case. Well, with respect to a quorum nobis petition, but I agree with the premise of Your Honor's point, which is that it's true there's a chance that this would put the Second and Fourth Circuits at odds with one another. It wouldn't be the first time that that happened. In the same case, it would be unusual to have a circuit split in the same case. Fair enough. But the Supreme Court in Sanders already asked whether that is acceptable, and it comes down to the ends-of-justice. The ends-of-justice here are satisfied that the Court should not simply defer blindly to the Fourth Circuit for two reasons. One, Janus definitely applies. The face of Janus in the opinion shows that it is not limited to private rights of action. Second, because Mr. Prusalis here, when the Court looks to the ends-of-justice, Mr. Prusalis is standing convicted of a crime that does not match the elements to which he allocated. It does match the elements that he allocated. It does. 2B. If the Court... It matches it perfectly. If Your Honor is referencing Section 2B, and if the Court is persuaded that Section 2B is what was meant in the indictment and that he allocated to those elements and that the Court should ignore the district court's limitation of its holding here... We just affirm on the basis of what he allocated to. Well, respectfully, Your Honor, I think the allocution and the content of Section 2B is complicated enough that at a minimum the Court should remand for the district court to answer that question. The district court, on this quorum nobis petition, is... What's it going to do? It's going to look at the papers and it's going to look at the allocution. We already have that in front of us. Yes, but the district court here is the same court that was the sentencing court and there would be an opportunity... What the court is going to look at to determine whether your client allocated to what is now recognized as a crime. You're saying the district court has to do that. Why? I would think that's a decision made on a record that is now frozen. I agree, Your Honor. It is nonetheless a factual determination or involves the application of law to facts and the district court may have particular insights. What facts? The facts are just written down. Yes, exactly. They are written facts. That's true. The bottom line here is that there's a fundamental flaw because everybody's focus, and this is true from the district court's focus at the allocution and at sentencing and it's true, you could see it in the text of the plea agreement itself which says that Mr. Prusalis committed fraud in an IPO. Everybody's attention was on Rule 10b-5 and the substantive principle violation of Rule 10b-5. A look at the record confirms that and that exposes a fundamental flaw in Mr. Prusalis' conviction for 10b-5 and that fundamental flaw requires the writ. Thank you. Thank you. Thank you both. We'll reserve decision. The last case on calendar is Jusino versus the City Department of Education. We're taking that on submission. Please adjourn court. Court is adjourned.